980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph PADILLA, also known as Ramon Cardenas-Mirales, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-1674.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 21, 1992.
Decided Dec. 1, 1992.
 
 1
 Before CUDAHY and EASTERBROOK, Circuit Judges, and HUBERT L. WILL, Senior District Judge*.
 
 ORDER
 
 2
 The INS charged Padilla with deportability as an alien who entered the United States without a valid immigration document. The only disputed issue was whether Padilla was a US citizen or not. The Board of Immigration Appeals (BIA) found that there was clear and convincing evidence that Padilla was not a US citizen, and affirmed the Immigration Judge's findings, even though they held that the IJ had used the wrong burden of proof. Padilla argues that since the IJ used the wrong burden of proof, he is entitled to a new trial as a matter of law. He also argues that the evidence that he is not a US citizen is not clear and convincing, and the BIA decision should therefore be reversed.
 
 
 3
 The government has the burden of proof on all issues for deportation, including proving that Padilla is not a US citizen by clear and convincing evidence. Woodby v. INS, 385 U.S. 276 (1966). Although the IJ used the wrong standard, the Seventh Circuit has held: "Whether the IJ used the incorrect legal standard, however, is irrelevant. We review the decision of the BIA, not the IJ." Balazoski v. INS, 932 F.2d 638, 640 (7th Cir.1991). The BIA applied the correct standard.
 
 
 4
 We will affirm the BIA if its factual findings are supported by substantial evidence. The Supreme Court has recently elaborated on this standard. Petitioners seeking to have the BIA findings overturned must show that the "evidence [they] presented was so compelling that no reasonable factfinder could fail to find" that the BIA was wrong. INS v. Elias-Zacarias, 112 S.Ct. 812, 817 (1992). Padilla has not met this standard.
 
 
 5
 We need not delve into the details here, the BIA opinion discusses fully the prior deportations of Padilla, the aliases he used, and other evidence that he is not a US citizen. As the BIA found, this evidence clearly outweighs the evidence presented by Padilla, a birth certificate from California in the name of Joseph Padelea. The BIA found the IJ was amply supported in finding Padilla not a credible witness, because of differences between his testimony and his sworn statements, and inconsistencies within his testimony. We generally defer to the IJ's credibility determination, and it is clearly warranted in this case.
 
 
 6
 Finally, the government also argues that Padilla is estopped from claiming US citizenship because of his prior criminal conviction for illegal entry. Prior criminal convictions "may work an estoppel in favor of the Government in a subsequent civil proceeding." Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568 (1951). Padilla's challenge to the application of collateral estoppel is that it was not essential to his prior conviction for illegal entry that the government prove he was an alien. Before the BIA, Padilla argued only that a US citizen could have been convicted of illegal entry, but gave no support for that contention. The BIA noted that §§ 275 and 276 of the act, the offenses generally considered "illegal entry," apply only to aliens.
 
 
 7
 For the first time on appeal, Padilla "wish[es] to draw the court's attention, however, to section 215 of the Act," which, at the time of Padilla's conviction provided that a US citizen could not re-enter the US during a time of war or declared national emergency, without a valid passport. Unfortunately, the government was unable to produce a record of Padilla's conviction showing which section of the act he had actually been convicted of violating. All that it had was the prison records showing a conviction for "illegal entry." Based on these possibilities, Padilla argues that "the Board's finding that the district court found Padilla to be an alien is unsupported and the question of collateral estoppel does not arise."
 
 
 8
 The BIA's finding is not so unsupported, however. Under § 215[1], and the implementing regulations, 31 Fed.Reg. 13546-47 (1966) there were numerous exceptions to the passport requirement. They exempt, for instance, all travel within North, South or Central America, except for Cuba. They also allow citizens to get authorization from the Secretary of State to waive the passport requirement. In fact, whenever a US citizen attempted to enter without a passport, the officer at the port of entry was supposed to report to the Secretary of State and invoke the waiver provision. In other words, it was virtually impossible for a US citizen to be convicted for a violation of § 215. Thus, in addition to the evidence discussed by the BIA, even based on collateral estoppel alone, there is substantial evidence to support the BIA's finding that Padilla is not a US citizen.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Hubert L. Will, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation
 
 
 [1]
 At the time of Padilla's conviction, § 215 stated:
 (b) After such proclamation as is provided for in subsection (a) has been made and published and while such proclamation is in force, it shall, except as otherwise provided by the President, and subject to such limitations and exception as the President may authorize and prescribe, be unlawful for any citizen of the United States to depart from or enter, or attempt to depart from or enter, the United States unless he bears a valid passport.
 Laws Applicable to Immigration and Nationality 51, 52 (1953).